## CASE OF THE EMPIRE CITY BANK.

*Supreme Court, First District; Special Term, January,* 1857.

STATUTORY CONSTRUCTION.—INSOLVENT BANK.

Ordinarily, the time within which an act is required by statute to be done, is regarded as directory merely.

But if the statute contains any words restraining the performance of the act afterwards, the naming of the time will be regarded not as directory, but as a limitation of authority.

Under the act of 1849 (*Laws, ch.* 226) relative to the closing up affairs of an insolvent bank, the utmost extension of time which can be granted to a referee to make the apportionment contemplated by the act, consists of two extensions of six months each.

If the apportionment is not made within that time, a perpetual stay of proceedings.should be granted.

Motion for a stay of proceedings upon a reference directed to apportion the debts of an insolvent bank among its stockholders.

The Empire City Bank failed in December, 1854, and on the application of its creditors, the United States Trust Company was appointed receiver, and afterwards made a dividend among the creditors; whereupon, pursuant to the act of 1849 (*Laws of* 1849, *ch.* 266), the whole matter was referred to Stephen Cambreling, to apportion the debts among the stockholders. The order making this reference was granted by the Supreme Court, on August 14, 1855.

On October 20, 1855, an order was granted by the Supreme Court suspending such apportionment six months. On April 28, 1856, it was again suspended for six months, and on December 16, 1856, it was further suspended for ninety days, and no apportionment had as yet been made.

Upon these facts a motion was now made for a perpetual stay of proceedings, restraining the receiver and referee from any further proceedings in such apportionment.

*J. D. Sherwood* and *John W. Edmonds*, for the motion, contended that, the time having been extended beyond the ninety days, allowed by section 18 of the act, all further proceedings

were void, because this being a statutory remedy and unknown to the common law, the statute must be strictly followed, or the proceedings under it would be nugatory.

*J. M. Mason*, in opposition, contended that section 23 of the statute authorized the extensions granted; that section having enacted that the dividends and the apportionment might be delayed or suspended by reason of the pendency of any litigation or controversy for the period of one year; and that this statute was merely carrying out the constitutional provision in favor of the liability of bank stockholders.

DAVIES, J.—Ordinarily the time within which a thing is required to be done is to be regarded as directory merely; and the legality of the act is not affected by its being done after the expiration of the time within which the statute directed the thing to be done.

The authorities on this point are collected in Smith on Construction of Statutes, 782–796.

If, however, the statute contains any negative words restraining the doing of the act afterwards, the naming of the time will not be considered as directory, but as a limitation of authority.

In the act now under consideration (*Laws of* 1849, *ch.* 226), it is declared by section 12 that the receiver appointed to close up the affairs of an insolvent bank, shall, within ninety days from the date of his appointment, unless the time shall be enlarged by a justice of the Supreme Court, which he may do for a period not exceeding ninety days, declare a dividend of the cash in his hands among the creditors of such bank.

It is apparent, therefore, that the time for declaring such dividend is not directory, but that the act may be done at the farthest within a hundred and eighty days.

Section 18 of the same act directs the referee, to whom the matter should be referred, to make his report at the first special term to be held in the county in which he resides after the expiration of six weeks from the date of his appointment, and if, in the opinion of the justice holding such term, further time is required to enable the referee to complete his report, he may grant such further time, not exceeding ninety days.

The referee in this case was appointed on August 14, 1855.

The first special term held in this county after the expiration of six weeks from the date of that appointment, was that commencing on the first Monday in October, 1855. The judge holding that term had power, therefore, to extend the time for making such report for a period not exceeding ninety days.

Section 23 of the same act declares that the dividend authorized by said act to be made as the apportionment of the debts of the said bank among the stockholders thereof, shall not be delayed or suspended by reason of the pendency of any litigation or controversy by or against such bank, unless the same be expressly directed by a justice of the Supreme Court; and such delay shall in no case exceed one year.

It would seem, therefore, to be clear that the receiver must make his dividend within ninety days from the date of his appointment, the time for making it being certain and definite; and it seems to me equally clear that in no case can the declaration of such dividend be delayed to exceed the year from that time.

So in regard to the apportionment to be made by the referee. He is to report at the first special term held at the expiration of six weeks after his appointment; but such apportionment may be delayed by the order of a justice of this court, but in no case shall such delay exceed one year. This apportionment was to be made at the October term of 1855. That term expired with that month. The delay thereupon authorized by the act was not to exceed a year from that time.

This was the view undoubtedly entertained by the judge holding that term, who then made an order extending the time for the referee to make the apportionment, six months. This, of course, was under section 23, as under section 18 he could only have extended it for ninety days.

Before the expiration of this six months the time was further extended by a justice of this court for another period of six months; and this is the utmost extent, in my judgment, which the statute allows.

The apportionment not being made within that time, this court has no power further to extend the time, and the motion must therefore be granted.